UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL S. DILL,<br><br>               Plaintiff,<br><br>   v.<br><br>JOHANNA SMITH, BRENT REINKE, JUAN MALDANDO, MICHELLE NICK, JOHN DOE #2, CORRECTIONAL MEDICAL SERVICES (CMS), JEFF SHAHAM, JOHN DOE #1, P.A. VALLEY, P.A. WINGERT, and N.A. BELFOR,<br><br>               Defendants. | Case No. 1:10-CV-00350-BLW<br><br>**INITIAL REVIEW ORDER** |

The Clerk of Court conditionally filed the Complaint of Plaintiff Michael Dill (Plaintiff), subject to review by the Court to determine whether Plaintiff is entitled to proceed in forma pauperis and whether the Complaint is subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff subsequently filed a proposed Amended Complaint (Dkt. 11-2), and a Motion for Conference of the Parties (Dkt. 10). Having reviewed Plaintiff's filings, the Court enters the following Order.

### REVIEW OF AMENDED COMPLAINT

**1.     Standard of Law for Review of Amended Complaint**

The Court is required to review complaints seeking relief against a governmental

**INITIAL REVIEW ORDER - 1**

entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915. The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Under § 1983, a supervisor "can be held liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Blankenhorn v. City of Orange*, 485 F.3d 463, 485 (9th Cir. 2007) (internal citation and punctuation omitted). To establish supervisory liability for failure to train a plaintiff must show that the failure "amounted to deliberate indifference." *Cannell v. Lightner*, 143 F.3d 1210, 1313 (9th Cir. 1998).

To state an Eighth Amendment claim regarding prison medical care, a plaintiff must allege facts showing that prison officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)). The Supreme Court has opined that "[b]ecause society does not expect that prisoners will

**INITIAL REVIEW ORDER - 2**

have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id*.

> The Ninth Circuit has defined a "serious medical need" in the following ways: failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain; . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer v. Brennan,* 511 U.S. 825, 838 (1994). Deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

## 2. Background

Plaintiff, an inmate at the Idaho State Correctional Institution (ISCI), severely injured his finger on January 27, 2010, when he dropped an 85-lb. weight on his finger. Plaintiff's finger wound was stitched up by Defendant Physician's Assistant (P.A.)Valley. Plaintiff was given Ibuprofen for pain. Plaintiff alleges that his pain became unbearable, that his finger later became infected, that Defendants refused to give him any stronger

medication because it was against prison policy to prescribe narcotic mediation, and that some Defendants failed to respond at all to his requests for aid.

3.      Discussion of Claims Against IDOC Defendants

Plaintiff has not stated sufficient allegations against Warden Smith or Director Reinke. There are no allegations that either knew of Plaintiff's condition and acted with deliberate indifference to deny him medical care. That each is a supervisor at the prison is not enough for liability. Therefore, Plaintiff cannot proceed with claims against Warden Smith or Director Reinke.

Plaintiff alleges that three days after the injury occurred, on January 30, 2010, Correctional Officer Maldando and Correctional Officer Nick told Plaintiff they would not call the medical unit for him, because he had already submitted a medical concern form earlier that day, and the medical staff would call him if they believed the injury was serious. Plaintiff does not allege that an emergency existed when he sought help from Maldando and Nick on January 30, 2010. Plaintiff has set forth no allegations showing that Maldando and Nick acted with deliberate indifference to a serious medical need on January 30, 2010, when they required Plaintiff to continue to take his 800 mg of Ibuprofen and wait to obtain a response from the medical unit about his ongoing pain, absent an obvious emergency condition.

Plaintiff alleges that Correctional Officer John Doe #2 called the medical unit on February 3, 2010, as requested by Plaintiff, but the medical unit told John Doe #2 to tell Plaintiff to submit a medical concern form. Plaintiff has provided no facts showing that

**INITIAL REVIEW ORDER - 4**

Plaintiff's situation was such that John Doe #2 should have ignored the medical unit's direction and instead brought Plaintiff to the medical unit. The Amended Complaint contains insufficient allegations of deliberate indifference to be able to proceed against John Doe #2.

3.  **Discussion of Claims Against CMS Defendants**

Plaintiff alleges that Jeff Shaham is the Health Service Administrator for Correctional Medical Services (CMS), but Plaintiff has set forth no allegations showing that Shaham was aware of and refused to provide medical treatment to Plaintiff. It is not enough to generally allege that Shaham had "knowledge of Plaintiff's serious medical needs," without specific factual allegations showing how and when Shaham had knowledge. Plaintiff cannot proceed against Shaham under the current allegations but he may file a motion to file a second amended complaint if, during discovery, he obtains facts that would show how Shaham was deliberately indifferent to his condition.

Plaintiff alleges that John Doe #1 is a medical doctor who was told about Plaintiff's condition, but who refused to provide medical treatment to Plaintiff other than to renew the instructions for Ibuprofen and ice. There are no allegations that this action was done as a result of deliberate indifference as opposed to mere negligence.[1] Plaintiff may not proceed against John Doe #1 at this time, but he may file a motion to file a second amended complaint if, during discovery, he obtains facts that would show how the

---

[1] This is not to imply that the doctor was actually negligent.

**INITIAL REVIEW ORDER - 5**

doctor was deliberately indifferent to his condition. A bare statement of "deliberate indifference" is not enough; rather, Plaintiff must allege specific facts showing that the doctor knew of and disregarded a serious medical condition or that the doctor was "aware of facts from which the inference could be drawn that a substantial risk of harm exist[ed]," and actually drew the inference. *Farmer v. Brennan,* 511 U.S. at 838.

Plaintiff alleges that P.A. Valley, P.A.Wingert, and N.A. Belfor refused to provide Plaintiff with narcotic medication for pain, but gave him only 800 mg Ibuprofen and ice. Defendants stated their refusal to give him stronger medication was based on a CMS policy generally prohibiting narcotic medication.

While Plaintiff has stated a claim against these three Defendants on this basis, he will have to show that Defendants' refusal to take steps to obtain narcotic medication for him and to require him to rely only on prescription-dose Ibuprofen and ice "was so inadequate that it demonstrated an absence of professional judgment, that is, that no minimally competent professional would have so responded under those circumstances." *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998). The Eighth Amendment does not provide a right to a specific treatment. *See Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) ("[The plaintiff] is not entitled to demand specific care. She is not entitled to the best care possible. She is entitled to reasonable measures to meet a substantial risk of serious harm to her.").

The allegations that P.A. Valley stitched the wound with stitches that were too short and that P.A. Wingert said that a doctor would follow up with Plaintiff on January

INITIAL REVIEW ORDER - 6

29 and no follow-up occurred are unaccompanied by allegations that would show these acts or omissions were the product of deliberate indifference rather then mere negligence. Similarly, there are no allegations that would show deliberate indifference surrounding Nursing Assistant Belfor's examination of Plaintiff's finger on February 3, when Belfor stated that the wound looked fine.

Plaintiff alleges that CMS is under contract with the IDOC to provide medical care to inmates and that it has a "policy restricting, if not outright denying, pain management treatment when such care is expensive." (Amended Complaint, ¶ 45.) A plaintiff suing a municipality or private entity performing a state function must state facts meeting the test articulated in *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 691-94 (1978)[2]. Under *Monell*, requisite elements of a § 1983 claim against a municipality or private entity performing a state function are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001) (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir.1996) (internal quotation marks omitted)).

---

[2] *See, e.g., Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982); *Powell v. Shopko Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *Ibarra v. Las Vegas Metro. Police Dep't*, 572 F.Supp. 562, 563-645 (D.Nev. 1983); *Taylor v. Plousis*, 101 F.Supp.2d 255, 263-64 (D.N.J. 2000); *Whalen v. Correction Medical Service*, 2003 WL 21994752 (D.Del. 2003).

The Amended Complaint adequately alleges that CMS was deliberately indifferent to Plaintiff's serious injury by allegedly enacting a policy that prevented the medical personnel from being able to provide Plaintiff with narcotic pain medication. Plaintiff may proceed on this claim.

**4.     Summary**

Plaintiff may proceed against Defendants Valley, Wingert, Belfor, and CMS on the claims that they were deliberately indifferent to Plaintiff's need for stronger pain medication for his injured finger, in violation of the Eighth Amendment. His allegations are insufficient to proceed against the other Defendants at this time.

**MOTION FOR CONFERENCE OF PARTIES**

Plaintiff has filed a Motion for Conference of Parties, requesting that the parties meet to attempt to settle this matter. Because mediation is productive only if the parties are willing to attend and negotiate, the Court will order this case to pre-answer mediation if Defendants indicate they would like to attend a mediation. In pre-answer mediation, the parties will have an opportunity to sit down with a neutral mediator to try to settle their dispute before the $350.00 filing fee is paid, an answer is filed, or the discovery process begins. If the case does not settle, Plaintiff will be required to pay the full filing fee, or if he is allowed to proceed in forma pauperis, the fee will be paid in installments from his prison trust account. 28 U.S.C. § 1915(b).

However, if Defendants prefer to proceed to the motion to dismiss or answer stage, they may do so, by notifying the Court of their preference. Once the case is placed at

**INITIAL REVIEW ORDER - 8**

issue by a motion to dismiss or an answer, the filing fee will be assessed, and it can no longer be used as a tool for negotiation.

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 1) is MOOT.

2. Plaintiff's Motion for Conference of the Parties (Dkt. 10) is GRANTED to the extent set forth herein above.

3. Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 11) is GRANTED. The Clerk of Court shall file the proposed amended complaint (Dkt. 11-2) as the Amended Complaint on the docket.

4. The Clerk of Court shall prepare a waiver of service of summons and serve a copy of the Amended Complaint (Dkt. 11-2) and a copy of this Order on **John Burke**, HALL, FARLEY, P.O. Box 1271, Boise, ID 83701, **on behalf of Defendants P.A. Valley, P.A. Wingert, N.A. Belfor, and Correctional Medical Services, Inc. (CMS)**.

5. If at least one Defendant wishes to engage in pre-answer mediation, counsel for Defendant(s) shall file a limited notice of appearance pursuant to Court order, indicating a willingness to attend pre-answer mediation. The notice shall also notify Plaintiff and the Court if counsel will not be appearing on behalf of certain Defendants. No defenses or objections, including lack of service, shall be waived as a result of the filing of the limited notice of

appearance.

6. If Defendants wish to proceed to a motion to dismiss or answer stage, then counsel for Defendants should sign and return the waiver of service for any Defendants for whom counsel will appear, and file a notice of nonrepresentation to notify the Court of any Defendants for whom counsel will not appear.



DATED: **January 6, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge